IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


GLOBAL TECH SYSTEMS, INC.,

    Plaintiff,

v.                                                                                   CIV 13-1006 JAP/KBM

BECO DAIRY AUTOMATION, INC.
and STAN BROWN,

    Defendants.


## **MEMORANDUM OPINION AND ORDER**

The Complaint in this action sets forth in great detail the alleged wrongful acts by Defendant BECO and Brown arising out of a business relationship involving BECO's distribution of GTS's intellectual property used in the commercial dairy industry to monitor and measure milk production by cows.  As to Defendant Brown, Plaintiff alleges that he is the president and a shareholder of Defendant BECO.  He is also alleged to have served as a director of Plaintiff GTS at relevant times and also either held or continues to hold shares in the plaintiff corporation.  Defendant Brown has been sued individually in many counts of the Complaint, specifically for interference with prospective economic advantage (Count V), breach of fiduciary duties (Count VI), fraudulent concealment (Count VII), civil conspiracy (Count IX), violation of uniform trade secrets act (Count X), conversion (Count XI), patent infringement (Count XII), and misappropriation of intellectual property (Count XIII).

In Defendant Brown's motion to dismiss based upon lack of jurisdiction and improper venue now pending before Judge Parker, he argues that he "does not have contacts in New Mexico sufficient to provide any basis under New Mexico's long-arm statute or the United States Constitution for this Court to assert personal jurisdiction over him." *See Doc. 14* at 1 (as amended at *Doc. 18)*. The law is clear that "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by the motion." *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975).

Defendant Brown therefore apparently agreed to a deposition limited to the issue of whether he has contacts sufficient to establish specific or general jurisdiction by this Court. Defendants' attorneys, however, believe that questions posed to Mr. Brown exceeded the permissible scope of the deposition because they went into the merits of the case. The deposition was terminated with GTS reserving its right to continue pending a ruling by the Court. *See Doc. 32* at 2-3.

Plaintiff then filed the instant "Motion to Compel Jurisdictional Discovery" seeking an order "to compel Mr. Brown to continue his deposition and more fully answer questions concerning both the claims asserted in his Motion to Dismiss for lack of personal jurisdiction and his New Mexico contacts related to the tortious conduct alleged against him in the Complaint." *Doc. 32* at 1. In response, Defendant Brown filed a Motion for Protective Order "request[ing] that this Court enter an order precluding GTS from further deposing Brown until the Motion to Dismiss has been decided. . . ." *Doc. 39* at 3.

A relatively recent opinion from the New Mexico Court of Appeals sets forth the latest framework for analyzing *in personam* jurisdiction in this state.  *See M.R. v. SereniCare Funeral Home, L.L.C.* (hereinafter "*SereniCare*") 296 P.3d 492 (Ct. App. 2012), *cert denied* 299 P.3d 862 (2013).  In that case, a Utah funeral home had prepared the decedent's body for shipping to New Mexico.  Unfortunately, upon opening a bag containing the decedent's personal effects, a Ziploc bag containing her brain (and labeled as such) was discovered.  The plaintiff estate argued that due process permitted the exercise of personal jurisdiction because the out-of-state funeral home knew that the "effects" of its preparation of the body and the receipt of decedent's personal property would occur in New Mexico.  *Calder v. Jones*, 465 U.S. 783, 787 (1984).

> The Court of Appeals ultimately agreed plaintiff's argument
>
>> that SereniCare's tortious acts and/or business transactions in New Mexico establish minimum contacts sufficient to satisfy due process considerations.  In analyzing arguments like those advanced by Plaintiffs, our earlier cases utilized a three-part test that considered whether (1) the defendant's acts fell within New Mexico's long-arm statutes, (2) the plaintiff's claims arise out of those acts, and (3) the defendant's acts establish sufficient minimum contacts to satisfy due process concerns.  However, our more recent cases have observed that it is no longer necessary to determine whether a defendant has committed one of the acts enumerated by our long-arm statute. Instead, we consider the long-arm statute "as being coextensive with the requirements of due process" and undertake "a single search for the outer limits of what due process permits."

*SereniCare*, 296 P.3d at 494 (citations omitted) (quoting *F.D.I.C. v. Hiatt*, 117 N.M. 461, 463 (1994)).  The court then discussed the concepts of "general (all purpose) or specific (case-linked)" assertions of personal jurisdiction.  *Id.* at 495.  Whereas general personal jurisdiction requires "continuous and systematic contacts" with the forum state, "specific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the

3

very controversy that establishes jurisdiction.'" *Goodyear v. Brown*, 131 S. Ct 2846, 2851 (2011) (internal quotation marks and citation omitted).

Here, as in the *SereniCare* case, the Plaintiff maintains that the requirements for specific personal jurisdiction will be met, but only if Defendant Brown answers deposition questions directly addressing his actions that form the basis for the intentional tort claims brought in this action. As to Brown's contention that any potentially tortious acts were taken outside the state of New Mexico,

> for purposes of personal jurisdiction analysis, a tort "can occur in New Mexico when the actual harmful act originates outside the state, but the injury itself occurs inside New Mexico." *Santa Fe Techs., Inc. [v. Argus Networks, Inc.]*, 2002–NMCA–030, ¶ 15, 131 N.M. 772, 42 P.3d 1221. "The place of the wrong is the location of the last act necessary to complete the injury." *Id.* However, as we have noted, the central question is whether Plaintiffs have established that SereniCare had the minimum contacts with New Mexico to satisfy due process.

*SereniCare,* 296 P.3d at 495. Thus, an action for injuries arising out of Defendant Brown's alleged commission of an intentional tort would fall within New Mexico's long-arm statute. *See* NMSA 1978, § 38-1-16(A)(3).

As to the due process analysis, the United States Supreme Court recently noted that "[t]he inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore,* __ S. Ct. __, 2014 WL 700098 at *4 (February 25, 2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). The Court further explained that "the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* The Court identified two related aspects in assessing whether such a substantial relationship is met:

> First, the relationship must arise out of contacts that the "defendant himself" creates with the forum State. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L.Ed.2d 528 (1985). . . . Second, our "minimum contacts" analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there. *See, e.g., International Shoe Co.* [*v. Washington*, 444 U.S. 286, 319] (Due process "does not contemplate that a state may make binding a judgment in personam against an individual . . . with which the state has no contacts, ties, or relations"); *Hanson* [*v. Denckla*, 357 U.S. 235, 251 (1958)] ("However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the 'minimal contacts' with that State that are a prerequisite to its exercise of power over him").

*Id.* Indeed, "it is the **defendant's conduct** that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* at *5 (emphasis added).

Defendant Brown counters that "[u]nder the fiduciary shield doctrine, an officer of a corporation may not be subject to personal jurisdiction of a state solely based on his activities in that state on behalf of the corporation." *Doc. 14* at 3 (citing *Wilshire Oil Co. v. Riffe*, 409 F.2d 1277, 1281 n. 8 (10th Cir.1969)). Yet that is precisely why Plaintiff should be permitted to inquire into Defendant Brown's New Mexico contacts related to the tortious acts at issue to better assess the quantity and quality of the contacts and whether Defendant Brown was acting "solely" on behalf of the defendant corporation. Only then can the due process inquiry – whether his acts "indicate that the defendant reasonably anticipated being brought into a New Mexico court" – be properly addressed. *Zavala v. El Paso Co. Hosp. Dist.*, 2007–NMCA–149, ¶ 10, 143 N.M. 36, 172 P.3d 173. In other word, "[a] forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Walden*, 2014 WL 700098 at *6.

5

Therefore, questions as to Defendant Brown's New Mexico contacts related to the alleged tortious conduct seem an appropriate area of inquiry to determine whether Plaintiff's "claimed injury . . . evince[s] a connection" between Mr. Brown and New Mexico, not merely a connection with Plaintiff, as required for *in personam* jurisdiction to lie.  *See id.* at 7.

Finally, Plaintiff also seeks "[a]n Order that Mr. Brown pay GTS' costs and fees associated with the continuation of his deposition and bringing this Motion, as required by Fed. R. Civ. P. 37(a)(5)(A)."  The Court will so order.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel *(Doc. 32)* is **granted**, Defendant Brown's Motion for Protective Order *(Doc.39)* is **denied,** and the hearing on the motions now set for March 20, 2014 is **vacated**.  The parties shall reconvene the deposition of Mr. Brown and questioning permitted in accordance with this opinion and order.

IT IS FURTHER ORDERED that Defendant Brown pay to GTS its reasonable costs and fees associated with the continuation of the deposition and bringing the motion to compel and defend the motion for protective order.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE